IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JOHNNY LEE MCKINES, # 197189**                                                    **PLAINTIFF**

**VERSUS**                                                    **CAUSE NO. 2:22cv167-KS-MTP**

**SHERIFF CHARLIE SIMS, et al.**                                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter came before the undersigned for a *Spears* hearing on August 31, 2023.[1] Pro se Plaintiff Johnny Lee McKines's claims and relief sought were clarified and amended by his sworn testimony at the hearing.[2] Having considered the record and the applicable law, the undersigned recommends that Plaintiff's failure to protect claim be dismissed.

## BACKGROUND

*Pro se* Plaintiff Johnny Lee McKines is incarcerated with the Mississippi Department of Corrections, and he challenges the conditions of his confinement, while a post-conviction inmate at the Forrest County Detention Center. He asserts claims under 42 U.S.C. § 1983, as set forth in the Omnibus Order [41], entered September 1, 2023.

Among those claims, McKines alleges that in mid-October of 2022, an inmate was placed on the same housing zone, even though Plaintiff says the inmate had killed Plaintiff's cousin. McKines contends that the inmate threatened him. McKines alleges that he filed two grievances complaining about the threats and being housed near the inmate. According to Plaintiff, he was finally moved away from the threatening inmate after the second grievance. McKines asserts

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[2] *See Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the Complaint); *Flores v. Livingston*, 405 F. App'x 931, 932 (5th Cir. Dec. 27, 2010).

1

that the inmate should never have been housed around him to begin with. Liberally construed, he asserts a failure to protect claim, under § 1983, against Defendant Sheriff Charlie Sims and perhaps other jail employees. Alternatively, McKines may be asserting a claim that jail officials were negligent in their handling of his housing assignment. In either case, the claim fails and should be dismissed for the reasons which follow.[3]

## DISCUSSION

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted McKines to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

---

[3] Plaintiff may also be attempting to claim that jail officials were not prompt enough in responding to his grievance. However, failure to properly respond to a grievance does not give rise to a constitutional claim. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).

McKines seeks damages for, among other things, alleged deliberate indifference to his safety when he was allegedly housed near an inmate, who he says had killed his cousin. The inmate later threatened McKines at the jail. He admits that he was not physically harmed.

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code)." 42 U.S.C. § 1997e(e). Because McKines admits to no physical injury, this claim is barred by 42 U.S.C. § 1997e(e). *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

Likewise, to the extent the claim may be construed as a negligence claim, it is barred by the Mississippi Tort Claims Act, which does not allow negligence claims by prisoners. Miss. Code Ann. § 11-46-9(1)(m) ("A governmental entity and its employees acting within the course and scope of their employment . . . shall not be liable for any claim . . . [o]f any claimant who at the time the claim arises is an inmate. . . ). Therefore, the undersigned recommends that the failure to protect claim, or other claims arising out of Plaintiff's assignment to the zone with the other prisoner, be dismissed as frivolous.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the failure to protect claim, or other claims arising out of Plaintiff's assignment to the zone with the other prisoner, be DISMISSED with prejudice, as frivolous, and that the remaining claims proceed at this time.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being

served a copy of this Recommendation, may serve and file written objections to the Recommendation, with a copy to the District Judge, the Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to the Magistrate Judge with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This, the 6th day of September, 2023.

                                        s/ Michael T. Parker
                                        UNITED STATES MAGISTRATE JUDGE