UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

FILED

Jan 24 2024

ARTHUR JOHNSTON, CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JOHNNY LEE MCKINES, JR., # 197189**                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 2:22-cv-167-KS-MTP**

**SHERIFF CHARLIE SIMS, et al.**                                    **DEFENDANTS**

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION DISMISSING CASE WITH PREJUDICE, ETC.

This is before the Court on the Report and Recommendation [43] entered by United States Magistrate Judge Michael T. Parker. Judge Parker conducted a *Spiers* hearing on August 31, 2023. During the *Spiers* hearing, Plaintiff sought to clarify and amend his sworn testimony. Following the *Spiers* hearing, Judge Parker filed his Report and Recommendation and recommended Plaintiff's Failure to Protect Claim be dismissed.

### I. PROCEDURAL HISTORY

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. The statute provides in part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte,

affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted McKines to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

McKines seeks damages for, among other things, alleged deliberate indifference to his safety when he was allegedly housed near an inmate, who he says had killed his cousin. The inmate later threatened McKines at the jail. He admits that he was not physically harmed.

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code)." 42 U.S.C. § 1997e(e). Because McKines admits to no physical injury, this claim is barred by 42 U.S.C. § 1997e(e). *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999).

Likewise, to the extent the claim may be construed as a negligence claim, it is barred by the Mississippi Tort Claims Act, which does not allow negligence claims by prisoners. Miss. Code Ann. § 11-46-9(1)(m) ("A governmental entity and its employees acting within the course and scope of their employment . . . shall not be liable for any claim . . . [o]f any claimant who at the time the claim arises is an inmate. . . ). Therefore, the undersigned recommends that the failure to protect claim, or other claims arising out of Plaintiff's assignment to the zone with the other prisoner, be dismissed as frivolous.

## II. DISCUSSION

Judge Parker's Report and Recommendation applies the Prisoner Litigation Reform Act of 1996, because the Plaintiff was proceeding *in forma pauperis*. The Report and Recommendation stated, "The statute provides in part, 'the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief, " 28 U.S.C. § 1915(e)(2)(B). The complaint is subject to *sua sponte* dismissal under § 1915. Plaintiff admits he was not physically harmed while in jail. Judge Parker cited 18 U.S. Code § 2246 and found that because Plaintiff suffered no physical injury that his claim is barred pursuant to U.S.C. § 1997(e)(e).

The Plaintiff filed a "Motion of Appeal" [47] which the Court has read and construes as an objection to the Report and Recommendation. In his appeal/objection, Plaintiff goes into many facts or claims that are not relevant to the 1983 Claim. None of the other claims allege that the grounds for the ruling are in error or that Judge Parker ruled incorrectly. The Court finds that the remainder of the claims in the objection do not apply to the complaint or to Judge Parker's Report and Recommendation and the Court finds that the Complaint is baseless.

### III. CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised in the objection. For the reasons set forth above, this Court concludes that McKines' Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. §636(b)(1) and that Johnny Lee McKines' claim is DISMISSED WITH PREJUDICE. All other pending motions are DENIED AS MOOT.

SO ORDERED, this the 24th day of January 2024

SENIOR UNITED STATES DISTRICT JUDGE